**STATE, Plaintiff-Appellee, v. EDWARDS, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2166.   Decided April 10, 1952.

Mathias H. Heck, Pros. Atty., Herbert M. Jacobson, Asst. Pros. Atty., Dayton, for plaintiff-appellee.

Phillip F. Blum, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court, Division of Domestic Relations, finding the defendant guilty of violating §1639-45 GC in that he engaged in indecent and immoral conduct with one Phyllis Rogers, a minor under eighteen years of age.

We have no bill of exceptions; hence all errors complained of must appear on the face of the record. The appellant first urges that the judgment is contrary to law for the reason that his constitutional rights were violated in not granting him a trial by jury. The judgment entry recites that the

defendant waived a jury trial and submitted himself to be tried by the Court. This may be done in misdemeanor cases without the same being in writing. **Hoffman v. State, 98 Oh St 137.** Under §1639-44 GC the appellant would have been entitled to a jury trial only upon demand being made for the same.

This section provides:

"That any adult arrested under the provisions of this chapter at any time before the hearing may demand a trial by jury, * * *."

The Hoffman case, supra, holds that before error may be prosecuted to the action of the trial judge in trying the case without a jury, the record must show demand and a refusal to grant same.

It is next urged that the appellant did not understand that his case was being tried on the merits but that he thought the hearing was one for the purpose of fixing bail. We find nothing in the record to support this charge but on the contrary the judgment entry shows that he submitted himself to be tried by the Court. The appellee is also entitled to the presumption of regularity in the conduct of the hearing. It is said in **17 O. Jur. (Evidence), Secs. 104, 105, pp. 129** and **130:**

"Not only does the law presume a public officer to have performed the duties of his office, but, for the purpose of sustaining the acts of public officers, it presumes the legality and regularity of their official acts in the performance of those duties, that formal requisites have been complied with, and that they have acted within the scope of their authority."

The third error assigned is that the appellant was not granted ample time to properly prepare his defense, citing Section 10 of the Bill of Rights. The record reveals that the arrest was made on July 18, 1951, and that the trial was had on the following day. It may be conceded that not much time was had in which to prepare a defense, but when a defendant submits himself to a trial without making a request for a continuance he waives this constitutional right. Were the appellant correct in his conclusion a travesty on justice could prevail by submitting to an immediate trial and if the judgment is not that desired, then a second trial could be demanded under Section 10 of the Bill of Rights.

We therefore find no error in this assignment.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.